UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**
OCT 3 1 2003
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CAROLYN BOWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 01-B-0379-S |
| ) | |
| DONALD RUMSFELD, Secretary of ) | |
| Defense, ) | |
| ) | |
| Defendant. ) | |

**ENTERED**
NOV 0 3 2003

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Summary Judgment. (Doc. 28.)[1] Plaintiff Carolyn Bowen has sued defendant, alleging that defendant discriminated against her on the basis of her disability in violation of federal law. Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 28), is due to be granted.

### I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that he is entitled to judgment

---

[1]Reference to document number, ["Doc."], refers to the number assigned to each document filed in the court's record.



as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in her favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every **reasonable** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. STATEMENT OF FACTS

Plaintiff is a Contract Administrator for the Defense Contract Management Agency. (Doc. 30, Ex. 1, Ex. 2.) Plaintiff was employed at defendant's Birmingham office until her transfer to its Anniston office in October 1999. (Doc. 30, Ex. 3, ex. 8 at 5-6.)

On January 11, 1999, defendant sent an e-mail to its employees, asking for volunteers to move to the newly-created Anniston office. (Doc. 30, Ex. 3, ex. 8 at 5.) Plaintiff requested

2

reassignment to Anniston office and, on June 15, 1999, she was notified that she was to be transferred to Anniston based on her request. (*Id*.) Plaintiff attempted to withdraw her request in July 1999; she was told that, if she could find someone to replace her, she would not be transferred to Anniston. (*Id*. at 5-6.) Plaintiff was not successful in finding a replacement, and she was reassigned to Anniston. (*Id*. at 6.)

Plaintiff complained that she could not work in the Anniston office due to a physical impairment that limited her ability to see in low light. (Doc. 35, Ex. 4 ¶¶ 3-4.) As a result, she could not drive at night, which she contends was required after she was reassigned. (*Id*. ¶ 4.) She also complained that the office in Anniston was poorly lit. (*Id*. ¶ 9.)

Plaintiff's health care providers submitted letters to defendant describing plaintiff's impairment. Her optometrist, John R. Clasen, Jr., O.D., stated that plaintiff had a "history of retinitis pigmentosa and also has night blindness;" and that plaintiff should be accommodated "by providing her with a well-lit work environment with as little night or low light driving as possible." (Doc. 35, Ex. 2 at 2.) Her ophthalmologist, Lamar M. Campbell, M.D., also stated that plaintiff "should not be in a position where she has to drive at night." (*Id*. at 3.)

As an accommodation, defendant allowed plaintiff to work hours that accommodated her need to drive only in day-light hours. (Doc. 30, Ex. 3, ex. 4, Jan. 18, 2000 e-mail from Tom Gassert to K. Appleton and Jan. 18, 2000 e-mail from K. Appleton to Tom Gassert) She was allowed to come in late and leave early. (*Id*.) However, she was required to

3

complete any missed work on Saturday. (*Id.*) Plaintiff does not argue that this was not an adequate and reasonable accommodation of her inability to drive at night.

On February 28, 2000, plaintiff filed a formal EEO complaint regarding defendant's failure to accommodate her disability.[2] (Doc. 35, Ex. 4 ¶ 5.) The EEO office issued a decision on plaintiff's initial complaint on September 28, 2000. In this decision, the Administrative Law Judge found that plaintiff did not have a physical impairment that substantially limited any major life activity. (Doc. 30, Ex. 3, ex. 8 at 8.) He found that her transfer to Anniston was the result of her voluntary request, and, thus, was not an adverse employment action. (*Id.* at 6.)

Plaintiff continued to request reassignment to Birmingham because of the inadequacy of lighting in the Anniston office that allegedly placed her at risk of injury. (Doc. 35, Ex. 4 ¶ 18.) In August 2000, plaintiff fell on her way to the restroom and injured her neck, allegedly because of poor lighting. (*Id.* ¶ 14; doc. 30, Ex. 4, ex. 6, Supervisory Mishap Report.) Defendant gave plaintiff a flashlight to accommodate her inability to see well in dimly lit areas. (Doc. 35, Ex. 4 ¶ 13.) Plaintiff did not present any evidence that the flashlight was not an adequate and reasonable accommodation..

Plaintiff filed a Complaint with this court on February 9, 2001, alleging that defendant had failed to accommodate her because it did not reassign her from Anniston back to Birmingham. (Doc. 1, ¶¶ 9-10.) Plaintiff has not submitted any evidence that a position was

---

[2]Plaintiff's EEO complaint also contained allegations of sex and age discrimination and retaliation. (*See generally* doc. 30, Ex. 3, ex. 8.) Such claims are not before this court.

available in Birmingham or that she applied for a transfer to Birmingham before January 2002. (*See generally* doc. 35.)

Plaintiff filed a second EEO complaint on January 15, 2002. (Doc. 30, Ex. 3, ex. 3 at 1.) While the complaint was pending, plaintiff was approved for a transfer to Birmingham. (*Id.* at 2.) Plaintiff's second EEO complaint subsequently was denied on the ground that plaintiff had not demonstrated that she was substantially limited in a major life activity due to her vision impairment and because plaintiff had been transferred back to Birmingham. (*Id.*) Specifically, the EEOC held:

> No documentation was provided to the EEO Counselor regarding a different or additional disability. Therefore, the AJ's decision that your client fails to show that she is disabled within the meaning of the Rehabilitation Act and the Americans with Disabilities Act is applicable in the instant complaint. Further, in response to your client's written request for a lateral transfer from the Anniston, AL facility to the Birmingham, AL facility, the agency approved the reassignment of your client effective January 28, 2002 for the purpose of meeting workload requirements.

(*Id.*)

Plaintiff filed an Amended Complaint on October 7, 2002. (Doc. 23.) In her Amended Complaint, plaintiff alleges disability discrimination in violation of the Rehabilitation Act because defendant denied her request for a "reasonable accommodation." (*Id.* ¶¶ 31, 35.) Plaintiff contends that reassignment to Birmingham was the reasonable accommodation she had requested. (*Id.* ¶ 31.) However, plaintiff has not presented any evidence of an available position in Birmingham prior to her request to transfer. (*See generally* doc. 35.)

5

## III. DISCUSSION

Plaintiff alleges that defendant failed to reasonably accommodate her disability, which is a visual impairment that causes her to be unable to see well in low light, because it refused to transfer her back to Birmingham. She brings her claims pursuant to the Rehabilitation Act.

"The Rehabilitation Act (the Act) prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." *Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999)(citing 29 U.S.C. § 791). "To establish a prima facie case of discrimination under the Act, an individual must show that (1) [she] has a disability; (2) [she] is otherwise qualified for the position; and (3) [she] was subjected to unlawful discrimination as the result of [her] disability." *Id.* (citing *E.L. Hamm & Assocs.*, 100 F.3d 907, 910 (11th Cir. 1996); *Severino v. North Fort Myers Fire Control Dist.*, 935 F.2d 1179, 1183 (11th Cir.1991)).

The Rehabilitation Act defines "disability" as a physical or mental impairment which substantially limits one or more of such person's major life activities." 29 U.S.C. § 706(9)(B). Defendant contends that plaintiff's claim of disability discrimination is due to be dismissed on the ground that she is not disabled. He contends, "Plaintiff has not provided any significant evidence or medical documentation that would establish what her alleged handicap was, what medically-or-vocationally-required accommodation was necessary, and what limitations were placed on specific major life activities." (Def. mem. in Supp. of Mot. for Summ. J. at 9.) Defendant contends that plaintiff did not respond to repeated requests for medical documentation. Defendant argues that, because plaintiff has not provided "a written

6

opinion that [she is] disabled" from "any medical or vocational professional," plaintiff is not disabled as such term is defined by the Rehabilitation Act.

In order to prove that she is disabled, plaintiff must present credible evidence that she has a physical impairment that substantially limits a major life activity. *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 194-95 (2002). Plaintiff has presented evidence that she has a vision impairment that limits her ability to see well in low light. (Doc. 35, Ex. 2.) The fact that plaintiff suffers such an impairment is not disputed in the record.

Plaintiff contends that her "physical impairment . . . substantially limits her vision and ability to perform essential functions of seeing, walking, and maneuvering in dimly lighted or dark areas." (Pltf. Memo. in Opp. to Mot. for Summ. J. at 4.) The record contains evidence that plaintiff has a limitation of her ability to see in low light. (Doc. 35, Ex. 2 at 2-3.)

To prove a substantial limitation of a major life activity, plaintiff must show an impairment that "prevents or severely restricts [her] from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg*, 534 U.S. at 198. The court finds that the ability to drive at night is not a substantial limitation of a major life activity. *See Chenoweth v. Hillsborough County*, 250 F.3d 1328, 1329-30 (11th Cir. 2001)[3] However,

---

[3]The *Chenowith* court held:

> Under the ADA a disability is "a physical or mental impairment that substantially limits one or more . . . major life activities." 42 U.S.C. § 12102(2)(A). Major life activities are enumerated by EEOC regulation as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). Although this enumeration is not exhaustive, driving is not only absent from the list but is conspicuously different in character from the activities that are listed. It would at the least be an oddity that a major life

for purposes of summary judgment, the court will assume, without deciding, that plaintiff's general inability to see well in low light is a major limitation on her major life activity of seeing.

Because the court assumes for purposes of the Motion for Summary Judgment that plaintiff is disabled, the next issue is whether defendant discriminated against her because it failed to transfer her back to Birmingham as she had requested.

"A qualified individual with a disability may be unlawfully discriminated against because of the individual's disability when the individual's employer does not ***reasonably accommodate*** the disability – unless such an accommodation would impose an undue hardship on the employer." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997)(emphasis added). However, "an employer is ***not*** required to accommodate an employee in any manner in which that employees desires." *Id.* (quoting *Lewis v. Zilog, Inc.*, 908 F. Supp. 931, 947 (N.D. Ga. 1995)). "[A] qualified individual with a disability is 'not entitled to the accommodation of her choice, but only to a reasonable accommodation.'" *Id.* at 1286 (quoting *Lewis*, 908 F. Supp. at 948).

Plaintiff contends that she "continually requested to be accommodated . . . and the defendant refused to accommodate the plaintiff." (Pltf. Mem. in Opp. to Mot. for Summ. J.

---

activity should require a license from the state, revocable for a variety of reasons including failure to insure. We are an automobile society and an automobile economy, so that it is not entirely farfetched to promote driving to a major life activity; but millions of Americans do not drive, millions are passengers to work, and deprivation of being self-driven to work cannot be sensibly compared to inability to see or to learn. *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 643 (2d Cir. 1998); *cf. Anderson v. N.D. State Hosp.*, 232 F.3d 634, 636 (8th Cir. 2000).

*Chenowith*, 250 F.3d at 1329-30.

8

at 7.) This statement is not accurate. Defendant did accommodate plaintiff. She was allowed to work hours that allowed her to only drive during day-light hours and she was given a flashlight to aid her in seeing in dimly lit areas. Plaintiff has not demonstrated that these accommodations were unreasonable or that transfer to Birmingham was the only reasonable accommodation for her limitations. Thus, she has not shown a disputed issue of fact with regard to her accommodation claim and defendant is entitled to judgment as matter of law. Defendant's Motion for Summary Judgment is due to be granted, and plaintiff's claim is due to be dismissed.

Defendant's Motion for Summary Judgment is due to be granted and plaintiff's claims dismissed on an alternative ground – plaintiff has not demonstrated that there was an available position in Birmingham to which she was eligible to be reassigned.

Reassignment is a reasonable accommodation for disability under certain circumstances. However, such reassignment can be made only to a vacant position. *See Gonzagowski v. Widnall*, 115 F.3d 744, 748 (10th Cir. 1997). Plaintiff's evidence does not show, and plaintiff does not contend, that there was a vacant position in Birmingham to which she could transfer. Therefore, plaintiff has not demonstrated that defendant was compelled to transfer her to Birmingham.

Thus, the court finds that defendant's Motion for Summary Judgment is due to be granted and plaintiff's Rehabilitation Act claim is due to be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law. An order granting defendant's motion for summary judgment will be entered contemporaneously with this Memorandum Opinion.

DONE this 31st day of October, 2003.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge